ROBERT L. BLAND, Judge,
dissenting.
In my opinion the facts set forth in the record of this case, prepared by the state road commission and filed in this Court under the provisions of sec. 17 of chapter 14 of the code, are insufficient to justify or authorize an award in favor of the claimant. The only facts actually established are that the claimant met with an accident on a state-controlled highway and incurred liability to pay a physician the sum of $22.75 for medical services rendered. Such medical treatment was received according to the record, showing, from August 18, 1946, to September 9, 1946. It is true, however, that claimant deposes that she is a seamstress and added: “I estimate that loss of time from my sewing due to the injury will be $50.00.” This is purely speculative. There is no proof that she had any sewing opportunities or engagements.
Claimant and the companion were returning home about ten o’clock at night from a friend’s house and found it necessary to cross the bridge spanning Middle Island Creek on the Midlebourne-Wick secondary road in Tyler county, West Virginia, and were walking on the left side of the bridge about *245 half way across the bridge when they were crowded to the west side by an automobile. The claimant stepped into a hole in the floor of the bridge. How long had the hole been there? Was it there when claimant with her companion crossed the bridge to visit a friend? Did they cross the bridge in the daytime? The court is not advised as to these facts. Why not? If claimant crossed the bridge in the daytime and the hole was in the bridge at that time she could have seen it or should have seen it.
In respect to claim No. 118, Marguerite M. Smith v. State Road Commission, 1 Ct. Claims (W. Va.) 258, we held as follows:
“1. When an adult woman of good intelligence, while driving her husband’s automobile on a state highway passes a hole on one side of said highway caused by a break or slip on the rock base of said highway, which hole she could or should have seen by the use of ordinary care, and on the same day, in the daytime thereof, while driving said automobile in the opposite direction drives into said hole and the said automobile is precipitated over an embankment and she sustains personal injuries in consequence of said accident, she will be held to be guilty of contributory negligence barring a claim for an award for damages occasioned by said accident.”
This court is in no positron to make an award of the public revenues of the state unless it is made to appear affirmatively to the court that the facts supporting such claim establish the meritorious character hereof. The court cannot arbitrarily make an award. It is the duty of the Legislature to safeguard the public funds. This court should not be held to be a mere ratifying instrumentality. An award should not be made, even though the claim in question is concurred in by the head of the state agency involved and approved by the attorney general’s office, in the absence of facts found in the record upon which an award could be properly based.
Because I find that the award made in this case is purely arbitrary and not supported by facts waranting it, I respectfully dissent from the action of my colleagues.